THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEUM COMPANY, LLC, a Washington limited liability company,<br><br>      Plaintiff,<br>   v.<br><br>NATIONAL UNIVERSITY OF SINGAPORE, a foreign, non-profit entity,<br><br>      Defendant. | CASE NO. C17-1252-JCC<br><br>ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND LEAVE TO AMEND |

This matter comes before the Court on Defendant National University of Singapore's ("NUS") motion for judgment on the pleadings (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

As is appropriate for a judgment on the pleadings, the following facts are based on the complaint and the documents referenced therein. *See Kuhlmann v. Sabal Fin. Grp. LP*, 26 F. Supp. 3d 1040, 1053 (W.D. Wash. 2014). Plaintiff Inteum Company, LLC ("Inteum") is an information management software company. (Dkt. No. 1-2 at 4.) NUS was an Inteum customer between 1996 and 2016. (*Id*.) The parties entered into their most recent licensing agreement in August 2012. (Dkt. No. 17 at 5, 9.) They executed a simultaneous non-disclosure agreement

("Inteum NDA"). (*Id.*) The agreement was renewable on an annual basis. On January 28, 2016, NUS published a request for proposals for a "knowledge management system" to replace Inteum C/S. (Dkt. Nos. 1-2 at 8, 17 at 21.) In March 2016, NUS awarded the contract to Wellspring Worldwide, Inc. ("Wellspring"), the lowest of four bidders. (*Id.* at 6.) Inteum alleges that NUS shared confidential and trade secret information about Inteum's software with Wellspring to help them transfer "Inteum capabilities to their own system." (*Id.* at 7.) Inteum brought an action for breach of contract and misappropriation of trade secrets. (*Id.* at 7–8.) After removing the case to federal court, NUS moves for judgment on the pleadings. (Dkt. No. 16 at 1, 9.)

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "judgment on the pleadings is [proper] when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The same legal standard applies to a motion for judgment on the pleadings as to a motion to dismiss for failure to state a claim. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). Factual allegations pled must be "more than labels and conclusions" and must state a *plausible* claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). "Where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679.

A court ruling on a motion for judgment on the pleadings "may consider the pleadings, documents attached to the pleadings, documents incorporated by reference in the pleadings," and documents "integral" to claims pled. *Kuhlmann v. Sabal Fin. Grp. LP*, 26 F. Supp. 3d 1040, 1053 (W.D. Wash. 2014); *L-7 Designs, Inc. v. Old Navy, LCC*, 647 F.3d 419, 422 (2nd Cir. 2011). Here, the Court considers the pleadings and the following documents referenced in the

complaint: the licensing agreement between NUS and Inteum (Dkt. No. 17 at 5), the non-disclosure agreement between NUS and Inteum ("Inteum NDA") (*Id*. at 9), the non-disclosure agreement between NUS and Wellspring ("Wellspring NDA") (*Id*. at 13), and NUS's request for proposals ("RFP") (*Id*. at 21).

### B. NUS's Motion to Strike and Inteum's Motion to Convert to a Motion for Summary Judgment

As an initial matter, the Court addresses Inteum's submission of material extrinsic to the pleadings and request to convert the instant motion to a motion for summary judgment, and NUS's subsequent motion to strike extrinsic material. (Dkt. Nos. 12 at 17, 23 at 7.) To properly consider matters outside the pleadings on a Rule 12(c) motion, a court must convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d); *see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Both parties included extrinsic material. NUS attached to its initial motion its Tender Memorandum and Evaluation Report[1] and Wellspring's response to the RFP. (Dkt. No. 17 at 104, 168.) Inteum's complaint neither referenced nor relied on these documents, as they were not in Inteum's possession until produced by NUS in support of its motion for judgement on the pleadings. (*See* Dkt. No. 20 at 12.) In response to NUS's Rule 12(c) motion, Inteum offers two declarations and supporting material received through discovery. (*Id*.) The Court has discretion in determining whether to accept and consider these extrinsic materials and thus convert the motion to one for summary judgment. *Hamilton Materials, Inc. v. Dow Chemical Corp.* 484 F.3d. 1203, 1207 (9th Cir. 2007). Due to the limited discovery that has occurred in this matter thus far, the Court considers a motion for summary judgment premature. (*See* Dkt. No. 20 at 11.) The Court GRANTS NUS's motion to strike.

Therefore, the Court will not consider the following extrinsic documents for purposes of

---

[1] The Tender Memorandum and Evaluation Report is NUS's internal evaluation of bids received in response to the RFP.

the instant motion: NUS's Tender Memorandum and Evaluation Report (Dkt. No. 17 at 104), Wellspring's response to the RFP (*Id.* at 168), Robert Sloman's declaration (Dkt. No. 21 at 1) and attached exhibits 3 and 5 (Dkt. No. 21 at 24, 31), and Paul Taylor's declaration and attached exhibits A and B (Dkt. No. 22 at 1, 4, 8).[2]

### C. Breach of Contract Claim

Inteum alleges that NUS "breached its contractual obligation of confidentiality contained in the License Agreement and the [Inteum NDA]," resulting in damages. (Dkt. No. 1-2 at 7.) To succeed on a breach of contract claim under Washington law, a plaintiff must prove (1) a valid contract term between parties imposing a duty, (2) a breach of that duty, and (3) resulting damages. *See Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995); Washington Pattern Jury Instructions No. 300.01 (6th ed. 2013).

Inteum sufficiently alleges that the licensing agreement and Inteum NDA imposed on NUS a duty of confidentiality. The licensing agreement requires NUS to "treat [Inteum's] software like any other copyrighted material" and prohibits the "transfer," "reverse [engineering], [decomposition], or [disassembling]" of the software. (Dkt. Nos. 1-2 at 5, 17 at 5.) The NDA, incorporated by the licensing agreement, requires NUS to "protect Inteum's confidential information[3] 'from further copying or disclosure.'" (*Id.*)

Inteum's complaint does not, however, allege sufficient facts to support a plausible inference that NUS actually breached this duty. Inteum alleges the following in support of its claim:

- NUS was permitted access to confidential and trade secret information when it

---

[2] Exhibits 1, 2, and 4 to Sloman's declaration are referenced or relied on in Plaintiff's complaint, as is exhibit C to Taylor's declaration. (*See* Dkt. No. 21 at 17, 22, 30.)

[3] "Confidential Information" includes the Inteum C/S Data Dictionary and Entity Relationship Diagram, but does not include information that was in NUS's "knowledge or possession prior to disclosure by Inteum," that "was public knowledge," or output (reports), "as long as those reports do not reveal data structure." (Dkt. No. 17 at 9–10.)

ORDER GRANTING MOTION FOR JUDGMENT
ON THE PLEADINGS AND LEAVE TO AMEND
C17-1252-JCC
PAGE - 4

1    licensed Inteum C/S, including Inteum's Data Dictionary and Entity Relationship
2    Diagram. (Dkt. No. 1-2 at 4.)

- NUS did not inform Inteum that it intended to issue an RFP or invite Inteum to bid, and the bidding process was a "sham." (*Id*. at 5, 6.)
- NUS was in contact with Wellspring about providing new software before it published the RFP. (*Id*. at 7.)
- On multiple occasions between October 2015 and April 2016, NUS attempted (and failed) to gain online access to the Data Dictionary without required permission. (*Id*.)
- NUS's RFP indicated that "the winning bidder's system would be required to 'port over' all features of NUS's existing system—namely, Inteum's software features and functions" and to "copy all existing reports." (*Id*. at 6.)
- NUS's NDA with Wellspring "[recites] that NUS intended to share confidential information with Wellspring, including 'computer software in source or object code form, computer software documentation and . . . source material relating to computer software.'" (*Id*. at 3)

While the Court takes allegations in the complaint as true, "it need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court thus considers Inteum's allegations regarding the contents of NUS's RFP and the Wellsprings NDA in the context of the language of those documents. In relevant part, NUS's RFP states "[i]t is the intention that the new systems should port over all existing functions available in NUS's existing system. To the extent that they are missing in the specifications, it is intended that these functions/details are within the scope of work." (Dkt. No. 17 at 49.) The RFP also requires "custom development of all existing reports currently used by NUS." (*Id*. at 64.) The Inteum NDA explicitly provides that reports are not confidential, "as long as they do not reveal data structure." (*Id.* at 9–10.) For its part, the Wellspring NDA states, "NUS possesses confidential information which may be

disclosed [during the Project] . . . and [Wellspring] agrees that NUS's disclosure of *its* proprietary and/or confidential information . . . is subject to . . . this Agreement." (Dkt. No. 17 at 14) (emphasis added). When taken in context, statements in the RFP and Wellspring NDA indicate at most the *possibility* that NUS intended to disclose Inteum's confidential information to Wellspring. *See Iqbal*, 566 U.S. at 679.

From these facts pled, Inteum concludes that NUS shared confidential and trade secret information with Wellspring to help Wellspring "[port over] the existing Inteum system capabilities to their own software." (Dkt. No. 1-2 at 3, 7.) While the Court must construe "all inferences reasonably drawn from . . . facts [pled]" in Inteum's favor, the Court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Sprewell*, 266 F.3d at 988. Inteum's facts, as pled, indicate motive, opportunity, and a possibility of improper disclosure or transfer of protected software or information, but no more. *See Iqbal*, 566 U.S. at 679. Inteum has not sufficiently pled a plausible claim for relief based on breach of contract.

### D. Trade Secret Misappropriation Claim

To state a claim under Washington's Uniform Trade Secrets Act ("WUTSA"), a plaintiff must plead (1) the existence of a protectable trade secret, and (2) facts constituting misappropriation. *See* Wash. Rev. Code § 19.108. A trade secret is "any information, including a formula, pattern, compilation, program, device, method, technique, or process." *Id*. at § 19.108.010. A trade secret is protectable if it "derives independent economic value . . . from not being generally known" and is the "subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id*. Misappropriation includes disclosure "of a trade secret of another without express or implied consent, by [an entity that] . . . at the time of disclosure or use, knew or had reason to know that" it was under "a duty to maintain its secrecy or limit its use." *Id*. at § 19.108.010(2)(b)(ii).

Inteum brings a WUTSA claim, alleging disclosure of its trade secrets based on the same

1 facts pled to support its breach of contract claim. (*See* Dkt. No. 1-2 at 3, 6, 7.) For the same
2 reasons as the breach of contract claim, the Court finds that Inteum fails to plead sufficient facts
3 to permit a reasonable inference that NUS actually disclosed Inteum's trade secrets. *See supra*
4 Section II.C. Given this infirmity, the Court need not rule on the sufficiency of Inteum's
5 pleadings for other elements of this claim, and elects not to do so here.

### E. Leave to amend

"A court considering a motion for judgment on the pleadings may give leave to amend and may dismiss causes of action rather than grant judgment." *Sprint Tel. PCS, L.P. v. Cnty. of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. Jan. 5, 2004) (internal quotations omitted). Leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., I*nc., 957 F.2d 655, 658 (9th Cir. 1992).

Here, the Court does not find it absolutely clear that deficiencies in Inteum's complaint cannot be cured by amendment. While the Court declined Inteum's request to consider extrinsic evidence and thus convert the instant motion to a motion for summary judgment, it recognizes that discovery may have provided Inteum an expanded basis for its allegations. The Court grants Inteum the opportunity to correct pleading deficiencies, should it believe it can do so, through the filing of an amended complaint.[4]

## III. CONCLUSION

For the foregoing reasons, Defendant NUS's motion for a judgment on the pleadings (Dkt. No. 16) is GRANTED, and Plaintiff Inteum's complaint is DISMISSED with leave to amend. Inteum may file an amended complaint **no later than twenty-one (21) days from the**

---

[4] The Court cautions Plaintiff that any amendment to its complaint would supersede the current complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).

**date of this order.** Nothing in this order precludes NUS from moving to dismiss any amended complaint should it believe such action is warranted and legally supported.

DATED this 27th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR JUDGMENT
ON THE PLEADINGS AND LEAVE TO AMEND
C17-1252-JCC
PAGE - 8