UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEUM COMPANY, LLC, a Washington limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL UNIVERSITY OF SINGAPORE, a foreign non-profit entity,<br><br>        Defendant. | No. 2:17-cv-01252-JCC<br><br>**DEFENDANT NATIONAL UNIVERSITY OF SINGAPORE'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

## ANSWER

In answer to Plaintiff Inteum Company LLC's ("Plaintiff") Second Amended Complaint, Defendant National University of Singapore ("NUS") admits, denies, and alleges as follows:

### I. INTRODUCTORY STATEMENT

1.1 NUS's Reply in Support of Motion for Judgment on the Pleadings speaks for itself. All remaining allegations in the paragraph are denied.

1.2 NUS's Motion for Judgment on the Pleadings speaks for itself. NUS admits that it obtained a copy of the Data Dictionary as was its right under the License Agreement and Confidentiality / Non Disclose Agreement ("NDA"). All remaining allegations in the paragraph are denied.

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 1

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1.3     Denied.

1.4     NUS admits that Wellspring demonstrated its Sophia software to NUS prior to the publication of the RFP and that, in connection with that demonstration, NUS described some desired attributes for KMS software.  NUS admits that, after evaluating all bids submitted in response to the tender, it awarded the contract to Wellspring.  All remaining allegations in the paragraph are denied.

1.5     NUS admits that it has and continues to deny any irregularities in the tender process.  All remaining allegations in the paragraph are denied.

1.6     Denied

## II.     PARTIES

2.1     Admitted.

2.2     Admitted.

## III.     JURISDICTION AND VENUE

3.1     NUS admits that Plaintiff originally filed this action in King County Superior Court.  The relevant contracts speak for themselves.  All remaining allegations in the paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

3.2     NUS admits that it removed the case to this Court on August 17, 2017.  All other allegations in the paragraph state legal conclusions to which no response is required.

## IV.     FACTUAL BACKGROUND

4.1     NUS lacks sufficient information to admit or deny the allegations and, therefore, denies the allegations.

4.2     NUS lacks sufficient information to admit or deny the allegations and, therefore, denies the allegations.

4.3     NUS lacks sufficient information to admit or deny the allegations and, therefore, denies the allegations.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

4.4     NUS admits that Plaintiff's software is used for the management of intellectual property portfolios.  Except as expressly admitted, NUS lacks sufficient information to admit or deny the allegations contained in the paragraph and, therefore, denies the allegations.

4.5     NUS lacks sufficient information to admit or deny the allegations and, therefore, denies the allegations.

4.6     The License Agreement and NDA between Plaintiff and NUS speak for themselves.  NUS denies that all companies operating in the intellectual property management space recognize that the characteristics of relational databases described in Plaintiff's Second Amended Complaint constitute valuable trade secrets.  NUS lacks sufficient information to admit or deny the remaining allegations in the paragraph and, therefore, denies the allegations.

4.7     The License Agreement and NDA between Plaintiff and NUS speak for themselves.  The allegations concerning the scope of NUS's rights under these agreements state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  All remaining allegations in the paragraph are denied.

4.8     Plaintiff's Data Dictionary speaks for itself.  All remaining allegations in the paragraph are denied.

4.9     NUS's contracts with Plaintiff speak for themselves.  The allegations concerning NUS's contractual obligations state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  All remaining allegations in the paragraph are denied.

4.10    Plaintiff's Data Dictionary speaks for itself.  All remaining allegations in the paragraph are denied.

4.11    NUS admits that the printed paper or electronic reports generated by Plaintiff's software contained no information that could be considered Plaintiff's confidential information.  The allegations concerning Plaintiff's "consider[ation]" of the "underlying report definitions" state opinions and legal conclusions to which no response is required.  To the extent a response is

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 3

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

required, the allegations are denied. The allegation that these definitions are trade secrets states a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied. NUS lacks sufficient information to admit or deny the remaining allegations in the paragraph and, therefore, denies the allegations.

4.12    Plaintiff's License Agreement with NUS speaks for itself. The allegations state legal conclusions and opinions to which no response is required. To the extent a response is required, the allegations are denied.

4.13    The allegations regarding what does or does not constitute a breach of the License Agreement or NDA state legal conclusions to which no response is required. To the extent a response is required, NUS admits that providing its data extracted from the Inteum database to a competitor of Plaintiff is not a breach of the License Agreement or NDA. All remaining allegations in the paragraph are denied.

4.14    NUS denies the allegation that providing a copy of Inteum—or access to Inteum—"would expose all of the proprietary trade secrets" discussed in the preceding paragraphs of Plaintiff's Second Amended Complaint and allow a competitor to incorporate those trade secrets into its own platform. NUS lacks sufficient information to admit or deny the remaining allegations in the paragraph and, therefore, denies the allegations.

4.15    NUS lacks sufficient information to admit or deny that it became a customer of Plaintiff in 1996 and, therefore, denies the allegation. NUS admits that after becoming a customer of Plaintiff, it licensed Plaintiff's software until 2016. All remaining allegations in the paragraph are denied.

4.16    Denied.

4.17    Denied.

4.18    The referenced documents speak for themselves. All remaining allegations in the paragraph are denied.

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 4

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

4.19  The referenced documents speak for themselves. All remaining allegations in the paragraph are denied.

4.20  NUS admits that it determined that a public tender was the appropriate mechanism by which to obtain KMS software. NUS admits that Wellspring provided a demonstration of its software to NUS personnel in December. All remaining allegations in the paragraph are denied.

4.21  NUS admits that it published the RFP on January 28, 2016, on the GeBIZ platform. NUS admits that it did not inform Plaintiff that intended to publish the RFP, or that it had been in contact with Wellspring. All remaining allegations in the paragraph are denied.

4.22  NUS admits that the tender deadline was February 10, 2016, and that the tender period was 14 days. NUS denies that the RFP was designed to prevent Plaintiff from submitting a bid, and that the officials charged with responding to questions during the open tender were unavailable during the tender period. NUS denies that preparing a response to the RFP within a two week period was nearly impossible. NUS admits that Plaintiff submitted a bid to the RFP ahead of the tender deadline. NUS lacks sufficient information to admit or deny the remaining allegations in the paragraph and, therefore, denies the allegations.

4.23  Mr. Sloman's January 30, 2016 email speaks for itself. NUS admits that Daniel Leong informed Ziyan Zhang in early February that he had not received Mr. Sloman's email. All remaining allegations in the paragraph are denied.

4.24  The allegations in paragraph 4.24 fail to identify the document that the paragraph purports to quote, and therefore NUS lacks sufficient information to admit or deny the allegations regarding that document. NUS therefore denies those allegations. All remaining allegations in the paragraph are denied.

4.25  The allegations in paragraph 4.25 fail to identify the documents that the paragraph purports to quote, and therefore NUS lacks sufficient information to admit or deny the

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 5

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

allegations regarding those documents. NUS therefore denies those allegations. All remaining allegations in the paragraph are denied.

4.26 The allegations in paragraph 4.26 fail to identify the documents that the paragraph purports to quote, and therefore NUS lacks sufficient information to admit or deny the allegations regarding those documents. NUS therefore denies those allegations. All remaining allegations in the paragraph are denied.

4.27 The referenced documents speak for themselves. All remaining allegations in the paragraph are denied.

4.28 NUS admits that Knowledge Sharing Systems and Content Concepts requested extensions to the tender deadline. NUS admits that it determined that it was not possible to grant an extension to the tender deadline and, therefore, declined to do so. All remaining allegations in the paragraph are denied.

4.29 NUS admits that Wellspring submitted its bid in response to the RFP ahead of the tender deadline. Except as expressly admitted, all allegations in the paragraph are denied.

4.30 NUS denies that it attempted to surreptitiously access Plaintiff's servers or its Data Dictionary. NUS lacks sufficient information to admit or deny the remaining allegations in the paragraph and, therefore, denies the allegations.

4.31 Denied.

4.32 The RFP speaks for itself. All remaining allegations in the paragraph are denied.

4.33 NUS's Tender Memorandum and Evaluation Report speaks for itself. All remaining allegations in the paragraph are denied.

4.34 NUS admits that, on March 31, 2016, it awarded the contract to Wellspring. The Tender Memorandum and RFP speak for themselves. NUS admits that Wellspring was the only company to submit a bid below SG $300,000 for the first year of the contract. NUS lacks sufficient information to admit or deny whether Plaintiff was ever informed of a budget limit for

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 6

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the first year of the contract and, therefore, denies the allegation. All remaining allegations in the paragraph are denied.

4.35 The referenced documents speak for themselves. All remaining allegations in the paragraph are denied.

4.36 To the extent the allegations in this paragraph purport to describe the requirements of Singapore law, they state a legal conclusion to which to which no response is required. To the extent a response is required, the allegations are denied. николаNUS admits that it ran a full open competition, and has asserted that in response to Plaintiff's baseless complaints. NUS admits that Wellspring provided NUS marketing and pricing information regarding its software, and NUS provided information regarding one of its own internal policies to Wellspring, prior to the publication of the RFP. All remaining allegations in the paragraph are denied.

4.37 NUS admits that it investigated Mr. Sloman's complaints. NUS admits that, on February 25, 2016, it completed a report regarding this investigation, and provided this report to Singapore's Ministry of Finance. The report speaks for itself. All remaining allegations in the paragraph are denied.

4.38 The report speaks for itself. NUS admits that Plaintiff, Knowledge Sharing Systems, and Content Concepts requested extensions to the tender deadline. All remaining allegations in the paragraph are denied.

4.39 The allegations in paragraph 4.39 fail to identify the documents that the paragraph purports to quote, and therefore NUS lacks sufficient information to admit or deny the allegations regarding those documents. NUS therefore denies those allegations. All remaining allegations in the paragraph are denied.

4.40 NUS admits that it has produced documents in discovery in this case. All remaining allegations in the paragraph are denied.
DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 7

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

4.41     NUS admits that Knowledge Sharing Systems responded to the RFP. The document titled "Tech Questions to KSS" speaks for itself. All remaining allegations in the paragraph are denied.

4.42     The allegations in paragraph 4.42 fail to identify the documents that the paragraph purports to quote, and therefore NUS lacks sufficient information to admit or deny the allegations regarding those documents. NUS therefore denies those allegations.

4.43     The referenced document speaks for itself. All remaining allegations in the paragraph are denied.

4.44     The allegations in paragraph 4.44 fail to identify the documents that the paragraph purports to quote, and therefore NUS lacks sufficient information to admit or deny the allegations regarding those documents. NUS therefore denies those allegations. All remaining allegations in the paragraph are denied.

4.45     NUS admits that it obtained a copy of the Data Dictionary as was its right under the License Agreement and NDA. The Data Dictionary speaks for itself. All remaining allegations in the paragraph are denied.

4.46     The allegations in paragraph 4.46 fail to identify the documents that the paragraph purports to quote, and therefore NUS lacks sufficient information to admit or deny the allegations regarding those documents. NUS therefore denies those allegations. NUS denies that it shared Plaintiff's trade secrets with Wellspring, or provided Wellspring with access to Inteum. All remaining allegations in the paragraph are denied.

4.47     Wellspring's response to the RFP speaks for itself. All remaining allegations in the paragraph are denied.

4.48     Denied.

4.49     NUS admits that Plaintiff communicated with NUS during and after the tender process, asserting baseless complaints in a cynical campaign of harassment and intimidation. Except as expressly admitted, all allegations in the paragraph are denied.

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 8

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## V. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

5.1 NUS restates and incorporates by reference its answers in the preceding paragraphs.

5.2 Denied.

5.3 Denied.

## VI. SECOND CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS

6.1 NUS restates and incorporates by reference its answers in the preceding paragraphs.

6.2 Denied.

6.3 Denied.

6.4 Denied.

## VII. PRAYER FOR RELIEF

In answer to Paragraphs (a) through (g) of Plaintiff's Prayer for Relief, NUS denies the allegations and denies that Plaintiff is entitled to the requested relief.

## VIII. AFFIRMATIVE DEFENSES

Defendant further responds to Plaintiff's Complaint by alleging the following affirmative defenses:

7.1 The Complaint fails to state a claim upon which relief can be granted against NUS.

7.2 Plaintiff lacks standing to assert any claims relating to alleged failure to follow a required or appropriate procurement process.

7.3. Plaintiff has no trade secret or other proprietary interest in NUS data, in NUS reports containing its data, or in commonly known methods of organizing data.

7.4. Plaintiff's claims are barred by the provisions of the contracts at issue in this action, which confer rights on NUS over its own data and its access to that data.

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 9

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

7.5     Plaintiff has failed to take reasonable steps to preserve the secrecy of its alleged trade secret information.

7.6     Plaintiff's claim for equitable relief should be denied, as it has an adequate remedy at law and unclean hands.

7.7.    Plaintiff's damages, if any, arise out of its own conduct.

7.8.    Plaintiff has failed to mitigate its damages.

7.9     Plaintiff's claims are barred by the defenses of estoppel, waiver, laches, unclean hands, ratification and/or acquiescence, and consent.

7.10.   Plaintiff has asserted a misappropriation of trade secret claim in bad faith, as part of a cynical and baseless campaign of harassment and intimidation of a former customer.

7.11    NUS reserves the right to assert any additional affirmative defenses as may be warranted by further discovery in this action

## IX.    REQUEST FOR RELIEF

NUS requests the following relief:

A.      That judgment be entered in NUS's favor on all claims asserted by Plaintiff herein;

B.      That NUS recover from Plaintiff all costs and reasonable attorneys' fees incurred in this matter, as authorized by statute in light of Plaintiff's bad faith assertion of its trade secret misappropriation claim; and

C.      Such other relief as the Court may deem just and proper.

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 10

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED this 12th day of June, 2018.

*s/ Joseph M. McMillan*, WSBA No. 26527
JMcMillan@perkinscoie.com
Ulrike B. Connelly, WSBA No. 42478
UConnelly@perkinscoie.com
Ian D. Rogers, WSBA No. 46584
IRogers@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant National University of Singapore

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 11

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on June 12, 2018, I served the foregoing on the following attorney(s) of record of record by the method(s) indicated:

| | |
|---|---|
| Paul R. Taylor<br>Nicholas Ryan-Lang<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104<br>ptaylor@byrneskeller.com<br>nryanlang@byrneskeller.com<br>Phone: 206.622.2000 | ___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Hand Delivery<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>XX Via ECF |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 12th day of June, 2018.

>*s/ Joseph M. McMillan*
>Joseph M. McMillan, WSBA No. 26527
>Perkins Coie LLP
>1201 Third Avenue, Suite 4900
>Seattle, WA 98101-3099

DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:17-CV-01252-JCC) – 12

140046188.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000