UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEUM COMPANY, LLC, a Washington limited liability company,<br><br>                   Plaintiff,<br>   v.<br><br>NATIONAL UNIVERSITY OF SINGAPORE, a foreign, non-profit entity,<br><br>                   Defendant. | CASE NO. C17-1252-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to seal declarations in support of motion for summary judgment (Dkt. No. 43), Plaintiff's motion to seal (Dkt. No. 59), and Defendant's motion to seal declarations in support of reply in support of motion for summary judgment (Dkt. No. 67). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

Plaintiff filed suit against Defendant for breach of contract and misappropriation of trade secrets. (Dkt. No. 35.) Defendant moved for summary judgment on Plaintiff's claims. (Dkt. No. 45.) Both parties have moved to seal various declarations and exhibits filed in support of their briefing on Defendant's motion for summary judgment. (Dkt. Nos. 43, 59, 67.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g)(3); *Nixon v.*

*Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, documents filed in support of a dispositive motion should remain under seal when a party can "articulate[] compelling reasons supported by specific factual findings" that outweigh the public's interest in access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In its order on Defendant's motion for summary judgment, the Court concluded that Plaintiff has not established that its claimed trade secrets qualify for protection under Washington's version of the Uniform Trade Secrets Act. (*See* Dkt. No. 101.) But Plaintiff has made a showing that the relevant information may be confidential or proprietary, such that Plaintiff's interest in maintaining the documents under seal outweighs the general public's interest in their disclosure.

For the foregoing reasons, Defendant's motion to seal declarations in support of motion for summary judgment (Dkt. No. 43), Plaintiff's motion to seal (Dkt. No. 59), and Defendant's motion to seal declarations in support of reply in support of motion for summary judgment (Dkt. No. 67) are hereby GRANTED. The Clerk is DIRECTED to maintain Docket Numbers 46, 52, 53, 63, 64, 65, 71, and 72 under seal until further order of the Court.

DATED this 5th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE