THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEUM COMPANY LLC, | CASE NO. C17-1252-JCC |
| Plaintiff, | ORDER |
| v. | |
| NATIONAL UNIVERSITY OF SINGAPORE, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion *in limine* to preclude testimony by contemporaneous transmission from Singapore and Chicago (Dkt. No. 92) and Defendant's cross-motion to permit testimony via contemporaneous video transmission and telephone (Dkt. No. 97). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion and DENIES Defendant's cross-motion for the reasons explained herein.

The Court has previously set forth the facts of this case and will not repeat them here. (*See* Dkt. No. 101.) Defendant intends to present testimony at trial of three of its employees, located in Singapore, and an employee of Wellspring Worldwide Inc. ("Wellspring"), located in Chicago. (Dkt. No. 97 at 2.) Defendant seeks permission to present the testimony of the Singapore witnesses via contemporaneous video transmission from Singapore and to present brief testimony by Wellspring's employee via telephone from Chicago. (*Id.*) Plaintiff moves to

preclude Defendant from offering testimony by contemporaneous transmission, either by videoconference or telephone. (Dkt. No. 92.)

Generally, a witness's trial testimony "must be taken in open court . . . ." Fed. R. Civ. P. 43(a). "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id*. "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment. But "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id*.

Under the 2012 License Agreement between the parties, "[i]n the event of any dispute, [Defendant and Plaintiff] agree to jurisdiction and venue in the Federal or State Courts of King County, Washington, USA." (Dkt. No. 92 at 22.) In support of its request to conduct testimony by contemporaneous transmission, Defendant cites the costs it will incur if the Singapore- and Chicago-based witnesses have to travel to Seattle to testify. (Dkt. No. 97 at 6–9.) But under the 2012 License Agreement, Defendant was aware that venue would be in King County, Washington in the event of a dispute. (Dkt. No. 92 at 22.) Therefore, Defendant, as a Singapore-based institution, was aware of the likely burdens it would bear if a dispute arose and it had to defend itself in King County, and such costs do not constitute good cause and compelling circumstances sufficient to justify allowing testimony via contemporaneous transmission. Therefore, Plaintiff's motion *in limine* to preclude testimony by contemporaneous transmission either by videoconference or telephone (Dkt. No. 92) is GRANTED and Defendant's cross-motion to permit testimony by contemporaneous transmission (Dkt. No. 97) is DENIED.

//

//

1    DATED this 12th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE