THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEUM COMPANY, LLC, a Washington limited liability company,<br><br>                Plaintiff,<br>    v.<br><br>NATIONAL UNIVERSITY OF SINGAPORE, a foreign, non-profit entity,<br><br>                Defendant. | CASE NO. C17-1252-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion *in limine* to the exclude expert testimony of Lorraine Barrick (Dkt. No. 85) and accompanying motion to seal (Dkt. No. 83). Having thoroughly considered the motions and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

In its supplemental revised answers to Defendant's first set of interrogatories, Plaintiff stated that it was seeking to recover "the value of the lost contract with" Defendant. (Dkt. No. 90 at 6.) Plaintiff has now produced the expert report of Ms. Barrick in support of its claim for damages based on the value of the lost contract, and would call her as a witness at trial. (Dkt. Nos. 85 at 4–5; 88; 93 at 2.) In its order granting in part and denying in part Defendant's motion for summary judgment, the Court granted summary judgment on Plaintiff's loss of contract theory of damages. (Dkt. No. 101 at 12, 27.) Since Ms. Barrick's report and testimony are only

ORDER
C17-1252-JCC
PAGE - 1

relevant to this now-dismissed damages theory, Defendant's motion *in limine* to exclude Ms. Barrick's testimony (Dkt. No. 85) is GRANTED.

Defendant moves to seal its motion to exclude testimony and various exhibits thereto following Plaintiff's designation of the materials as "Attorneys Eyes Only" pursuant to the protective order entered in this case. (Dkt. No. 83 at 2.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g)(3); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, documents filed in support of a dispositive motion should remain under seal when a party can "articulate[] compelling reasons supported by specific factual findings" that outweigh the public's interest in access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The materials Plaintiff has designated as "Attorneys Eyes Only" relate to Plaintiff's business and financial information used by Ms. Barrick to formulate her expert opinion. Plaintiff's interest in keeping such information confidential outweighs the general publics' interest in disclosure. Further, Defendant has filed publicly-accessible, redacted versions of its motion and accompanying exhibits. (*See* Dkt. Nos. 85, 87.) Therefore, a compelling reason exists to maintain the materials under seal, and Defendant's motion to seal (Dkt. No. 83) is GRANTED. The Clerk is DIRECTED to maintain Dkt. Nos. 86, 88, 89, and 90 under seal.

DATED this 12th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE