THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTEUM COMPANY, LLC, a Washington limited liability company,

Plaintiff,

v.

NATIONAL UNIVERSITY OF SINGAPORE, a foreign, non-profit entity,

Defendant.

CASE NO. C17-1252-JCC

ORDER

This matter comes before the Court on Defendant's motion *in limine* to exclude undisclosed damage theories pursuant to Federal Rule of Civil Procedure 37(c)(1) (Dkt. No. 113). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The Court has previously set forth the facts of this case and will not do so again here. (*See* Dkt. No. 101.) In its previous order granting in part and denying in part Defendant's motion for summary judgment, the Court granted Defendant's motion as to the majority of Plaintiff's claims but denied Defendant's motion as to Plaintiff's claims for breach of contract premised on disclosure of the backup Inteum database and breach of contract premised on Defendant's discussion of the Inteum front end. (*Id*. at 27.) However, the Court also granted summary

judgment on Plaintiff's damages theories for loss of the contractual relationship between the parties and for Plaintiff's total research and development costs incurred in developing the Inteum Software. (*Id.*) Pursuant to Federal Rule of Civil Procedure 56(f), the Court ordered Plaintiff to show cause why its remaining claims should not be dismissed for lack of recoverable damages. (*Id.* at 26–27.) The Court ordered Plaintiff to submit briefing identifying "what theory of damages and evidence supports its remaining breach of contract claims." (*Id.* at 27.)

Plaintiff responded by stating that it was seeking expectation damages for its breach of contract claims. (Dkt. No. 104 at 1.) Plaintiff argued that Defendant "effectively assumed an unrestricted license to the confidential information" by disclosing it, and that Plaintiff "should be entitled to the damages associated with the lost value of that confidential information." (*Id.* at 2.) Plaintiff further asserted that "the jury should be entitled to determine the lost value of the wrongfully disclosed information," and contended that Plaintiff could be awarded its costs in developing the confidential information, drawing an analogy to trade secret misappropriation damages. (*Id.* at 2–3.) Plaintiff stated that its "CEO will testify about the costs incurred by [Plaintiff] in developing the Inteum database that was provided to Wellspring by [Defendant]." (*Id.* at 3.)

Defendant moves *in limine* to exclude Plaintiff's damages theories and evidence offered in response to the Court's order to show cause pursuant to Federal Rule of Civil Procedure 37(c)(1). (Dkt. No. 113.)

**II. DISCUSSION**

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly Ltd. v. Decker*, 259 F.3d 1101, 1106 (9th

Cir. 2001)). "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Id*. The party seeking to avoid Rule 37's exclusionary sanction bears the burden of establishing harmlessness. *Id*.

In its initial disclosures, Plaintiff alleged that Defendant's breaches of contract and misappropriation of trade secrets had caused Plaintiff to "los[e] a competitive advantage going forward that is difficult to quantify at this time." (Dkt. No. 114 at 17.) In its supplemental revised answers to Defendant's first set of interrogatories, Plaintiff clarified that it sought to recover "the value of the lost contract" and "the total value of the trade secrets [Defendant] provided to Wellspring," calculated from Plaintiff's costs in developing and refining the Inteum Software. (*Id*. at 9.) Plaintiff did not characterize its breach of contract damages as expectation damages until its response to the Court's order to show cause. (*Compare id*. at 9, 17, *with* Dkt. No. 104.)

Plaintiff has failed to timely disclose its theory of expectation damages purportedly supporting its remaining claims for breach of contract. *See* Fed. R. Civ. P. 26(a), (e). Plaintiff has not demonstrated that its failure to timely disclose this theory of damages was substantially justified. (*See* Dkt. No. 116.) Further, Plaintiff has not carried its burden to show that its failure to disclose was harmless to Defendant. (*See id*.) This is especially true where Plaintiff's disclosure of its expectation damages theory was made on the eve of trial, Plaintiff offered several means of calculating its expectation damages, and Defendant has not had an opportunity to conduct discovery on Plaintiff's new damages theory and calculations. Therefore, exclusion of Plaintiff's expectation damages theory in support of its breach of contract claims is warranted under Federal Rule of Civil Procedure 37(c)(1).

The Court also notes that Plaintiff has not proffered evidence that adequately supports its claim for expectation damages arising from its remaining breach of contract claims. (*See* Dkt. No. 104 at 3.) Although damages need not be precisely shown, "damages must be supported by competent evidence in the record. To be competent, the evidence or proof of damages must be established by a reasonable basis and must not subject the trier of fact to mere speculation or

conjecture." *ESCA Corp. v. KPMG Peat Marwick*, 939 P.2d 1228, 1233 (Wash. Ct. App. 1997) (citing *Fed. Signal Corp. v. Safety Factors, Inc.*, 886 P.2d 172, 188 (Wash. 1994); *Mason v. Mortg. Am., Inc.*, 792 P.2d 142, 147 (Wash. 1990); *Lewis River Golf, Inc. v. O.M. Scott & Sons*, 845 P.2d 987, 990 (Wash. 1993)).

In its response to the Court's order to show cause, Plaintiff stated that its CEO will testify about Plaintiff's costs in developing the Inteum database allegedly disclosed to Wellspring. (Dkt. No. 104 at 3.) Plaintiff contended that "the jury should be entitled to determine the lost value of the wrongfully disclosed information." (*Id.* at 2.) If Plaintiff's only evidence regarding the disclosed information's value was the cost of developing the information, the jury would be forced to speculate as to how much of the information's value was lost when it was disclosed. Therefore, the testimony of Plaintiff's CEO as to Plaintiff's costs in developing the allegedly disclosed information does not constitute competent evidence sufficient to support Plaintiff's proffered expectation damages theory for breach of the parties' contracts. *See ESCA Corp.*, 939 P.2d at 1233.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* to exclude undisclosed damage theories pursuant to Federal Rule of Civil Procedure 37(c)(1) (Dkt. No. 113) is GRANTED. Plaintiff's remaining breach of contract claims are DISMISSED for failure to timely present a viable damages theory. In light of the Court's order, Defendant's pending motions *in limine* (Dkt. No. 106) are DENIED as moot.

DATED this 20th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE